

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00041-CR

JEROME ATTO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1365794D, Honorable Ruben Gonzalez, Jr., Presiding

July 28, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Jerome Atto appeals from three judgments under which he was thrice convicted of aggravated sexual assault of a child.[1]   The sole issue before us pertains to trial counsel's purported ineffective assistance.[2]   The ineffectiveness allegedly occurred when ". . . trial counsel failed to elicit evidence that the alleged sexual assault victim's

---

[1] The State originally indicted him under five counts of sexually assaulting a child.   The jury acquitted appellant on two of those counts.

[2] Because the appeal was transferred to this court from the Second Court of Appeals, we apply the latter's precedent where available should no controlling precedent from a higher court exist.   See TEX. R. APP. P. 41.3.

mother [Mother] and her boyfriend had each specifically admitted to a testifying witness of a plan to put Appellant in jail." Though a motion for new trial was filed by appellant, it did not include the contention before us. We overrule the issue and affirm.

The witness in question was being examined by defense counsel about confronting the Mother. The subject of the confrontation concerned Mother's use of appellant's food stamp card. Mother apparently was with her boyfriend at the time. According to the witness, Mother said that she and her boyfriend planned to have appellant jailed so they could use the card. However, the boyfriend allegedly stated that the plan was Mother's, not his.

Before evidence of this "plan" could be heard by the jury, the trial court convened a hearing outside the jury's presence to determine if it was admissible. The State argued that the evidence was irrelevant, improper impeachment, and hearsay. Defense counsel explained that 1) the evidence "goes to the motive of why all this happened," 2) evidence already appeared of record illustrating how Mother and the victim were reaping the benefits of appellant's largesse by living in his abode rent free, and 3) testimony about the use of the food stamp card further illustrated their abuse of his beneficence. In other words, counsel was attempting to both impeach Mother (who previously testified against him) and illustrate her motive for falsely accusing him of assaulting her daughter. The motive apparently involved Mother's desire to contrive a way to enjoy that provided by appellant but without his presence or interference. This led the trial court to ask about the specific testimony defense counsel sought to admit. Counsel replied that he merely desired to admit the witness's comments about Mother using appellant's food stamp card. To that he added, "I would like to get into other

2

things, but I know that's hearsay, so. . . ." Whether the "other things" included the supposed "plan" to have appellant jailed went unsaid. This led the trial court to state: "I just want to make sure we're clear on that" and "[t]hat testimony [regarding Mother's use of appellant's food stamp card] will be permitted. *Beyond that, however, you're not to mention anything else. Do you understand*?" (Emphasis added).

Despite having been permitted to impeach Mother and use other evidence to develop her purported motive for falsely accusing appellant of assaulting her child, defense counsel should have also asked about the supposed "plan" to have appellant jailed, according to appellant. In effect, the latter argues that his trial attorney was deficient because he opted to comply with the restrictions imposed by the trial court when examining the witness.

Irrespective of whether defense counsel was mistaken when indicating that the "other things" he would have liked to develop were "hearsay," the trial court prohibited him from delving into them. Heeding a trial court's directive falls within the realm of reasonable trial strategy. *See Dodds v. State*, No. 13-13-00288-CR, 2014 Tex. App. LEXIS 12677, at *21 (Tex. App.—Corpus Christi November 25, 2014, no pet.)(mem.op., not designated for publication)(stating that "[t]rial counsel's decision to not elicit testimony or request to elicit testimony that the trial court had previously ruled inadmissible fell within the wide range of reasonable professional assistance"). Even if the unknown "other things" that defense counsel may have wanted to broach were admissible, as suggested by appellant, defense counsel was ordered by the trial court not to stray from the limited path afforded him. We refuse to categorize defense counsel's performance as deficient because he chose not to risk the trial court's

3

response by ignoring its instruction. Indeed, one need not wonder much about the tenor of that response given the court asking counsel "do you understand" after limiting the scope of his examination.

We affirm the judgments.[3]

Brian Quinn
Chief Justice

Do not publish.

---

[3] Having previously ordered that the three judgments be severed into three separate appeals, we now vacate that order and consolidate the three judgments into this one appeal assigned cause number 07-16-00041-CR. We do this because the Second Court of Appeals had only assigned one cause number to the appeal when transferring it.